The Honorable Jim Argue State Senator 5300 Evergreen Drive Little Rock, AR 72205-1814
Dear Senator Argue:
I am writing in response to your request for my opinion on a question arising from the following facts:
 The Little Rock Board of Directors recently passed an ordinance that among other things requires the following: "Any rental property owner who resides outside the State of Arkansas shall designate an agent for receipt of notice and process on behalf of the owner. To qualify for designation, such agent shall reside or maintain a place of business within the limits of Pulaski County, Arkansas."
 Many such agency relationships already exist with real estate agents duly licensed by the State of Arkansas who by virtue of their licenses are not bound by these residency restrictions. By way of another example, lawyers licensed in Arkansas and residing in a given city are not prohibited from practicing in other cities within the state, including acting as "agents for service."
Against this backdrop, you report that a constituent has posed a question I will paraphrase as follows:
 Does any provision of statutory or constitutional law prohibit the city of Little Rock from requiring any out-of-state owner of rental property located within the city to designate a resident of Pulaski County as his agent for service of notice and process relating to the property?
RESPONSE
In my opinion, the answer to your question is "no."
Your question closely parallels one posed in the attached Ark. Op. Att'y Gen. No. 98-140, in which my immediate predecessor addressed whether the then existing law permitted a city to require an out-of-state property owner to designate a local agents for service of process in actions brought by the city to enforce its various codes. My predecessor opined that existing law indeed authorized a city to impose such a restriction, thus rendering unnecessary and redundant proposed legislation granting cities such power.[1] Without repeating his analysis, I will simply note that I fully agree with my predecessor's conclusion that "[t]he power to enact such an ordinance is . . . implied by and incident to the express authorities that have been granted to cities." As a city of the first class, Little Rock is "authorized to perform any function and exercise full legislative power in all matters of whatsoever nature pertaining to its municipal affairs," A.C.A. § 14-43-602, so long as its exercise of that power by ordinance is not "contrary to the general laws of the state, Ark. Const. art 12, § 4. In my opinion, an ordinance requiring an out-of-state property owner to designate a county resident as his agent for service of process is clearly permissible under this standard.
Given the tenor of your question, I feel obliged to elaborate somewhat on my predecessor's discussion of the constitutional issues. Various constitutional provisions potentially bear on your question. See, e.g.,
U.S. Const. amend. 5 and Ark. Const. art. 2, §§ 8 and 22 (providing that no one shall be deprived of life, liberty or property without due process of law), Ark. Const. art. 2, § 18 (prohibiting the legislature from granting any "citizen or class of citizens privileges or immunities which upon the same terms shall not equally belong to all citizens"); and U.S. Const. amend. 14, § 1 (providing that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.") My predecessor correctly noted that under the due-process clauses of the state and federal constitutions, a property owner must receive adequate notice and an opportunity to be heard before being deprived of an interest in property. However, I gather from your question that your constituent is primarily concerned that the ordinance might violate equal protection because agents for service of process such as lawyers and real estate agents are not subject to the same residency requirements as the agents of out-of-state rental property owners.
In determining the legitimacy of a distinction among agents of the sort referenced in your request, a court would assess whether a "rational basis" exists for the different classifications. In Board of Trustees ofthe University of Alabama v. Garrett, 531 U.S. 356, 366 (2001), the Supreme Court offered the following summary of this "rational basis" standard:
 Under rational-basis review, where a group possesses "distinguishing characteristics relevant to interests the State has the authority to implement," a State's decision to act on the basis of those differences does not give rise to a constitutional violation. Id. [Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432 (1985)], at 441, 105 S.Ct. 3249. "Such a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." Heller v. Doe, 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257
(1993) (citing Nordlinger v. Hahn, 505 U.S. 1, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992); New Orleans v. Dukes, 427 U.S. 297, 303, 96 S.Ct. 2513, 49 L.Ed.2d 511
(1976) (per curiam)). Moreover, the State need not articulate its reasoning at the moment a particular decision is made. Rather, the burden is upon the challenging party to negative "`any reasonably conceivable state of facts that could provide a rational basis for the classification.'" Heller, supra, at 320, 113 S.Ct. 2637 (quoting FCC v. Beach Communications, Inc., 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993)).
In the present case, I believe the city's residency requirement for agents for service of notice or process would easily survive an equal protection challenge. As you acknowledge in your request, the city has a strong interest in "hav[ing] agents who are readily available to respond to code enforcement issues." In my opinion, it is reasonable that the city pursue that interest by imposing a county residence requirement on a nonresident landlord's agent. Moreover, I do not believe this requirement is rendered irrational by the fact that lawyers and real estate agents who serve as agents for service of notice or process are subject to laxer residency requirements. Lawyers and real estate agents are licensed professionals, whose duties include being constantly available to accept notice or process on behalf of their principals. The same cannot necessarily be said of an out-of-state landlord's designee. It is consequently reasonable to ensure the availability of the agent by imposing a residency requirement. Indeed, under a closely analogous provision of state probate law that I am unaware has ever been subjected to constitutional attack, a nonresident of this state cannot serve as domiciliary personal representative in an estate "unless he shall have appointed the clerk of the court in which the proceedings are pending, and the clerk's successors in office, or some person residing in the county of probate and approved by the court, as agent to accept service of process and notice in all actions and proceedings with respect to the estate." A.C.A. § 28-48-101(b)(6); see also In the Matter of theGuardianship of Vesa, 319 Ark. 574, 579, 892 S.W.2d (1995) (holding that the court, pursuant to A.C.A. § 28-48-105, properly removed a personal representative who failed to comply with A.C.A. § 28-48-101(b)(6)). In my opinion, the reasoning underlying this statute is the same as that underlying the ordinance referenced in your request.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] The proposed legislation, S.B. 146 of 1997, was apparently withdrawn in the wake of my predecessor's opinion.